■ IQBAL SINGH, an Infant, by His Father, TARSEM SINGH, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated May 26, 1987, which, upon a jury verdict, is in favor of the defendant.

Ordered that the judgment is affirmed, without costs or disbursements.

The infant plaintiff was injured when he was hit by the defendant's bus while crossing Corona Avenue in Elmhurst, Queens. Although the plaintiff testified that he crossed the street at the corner, the bus driver testified that he did not see him and police officers arriving on the scene measured the location of impact as 17 feet east of the crosswalk. The plaintiff also testified that he did not see the bus because he was not paying attention. Given this evidence, we reject the plaintiff's contention on appeal that the jury's verdict absolving the defendant of negligence was contrary to the weight of

the evidence. The verdict in favor of the defendant clearly reflected a "fair interpretation" of the evidence presented and we decline to disturb it *(see, Nicastro v Park,* 113 AD2d 129, 134; *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643).

We also reject the plaintiff's contention that certain reports concerning the accident prepared by the defendant's employees were erroneously received into evidence at trial, because the reports were admissible as business records (CPLR 4518; *Bromberg v City of New York,* 25 AD2d 885). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.