■ CATHY ALVAREZ et al., Appellants, v FIRST NATIONAL SUPER-MARKETS, INC., Doing Business as EDWARDS SUPER FOOD STORE et al., Respondents. (And a Third-Party Action.) [783 NYS2d 62]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated September 3, 2002, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint against the defendant First National Supermarkets, Inc., doing business as Edwards Super Food Store; as so modified, the judgment is affirmed, with costs to the defendant Joseph Mannino, doing business as Airlock Door Controls, the complaint is reinstated insofar as asserted against the defendant First National Supermarkets, Inc., doing business as Edwards Super Food Store, the action insofar as asserted against that defendant is severed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial against that defendant.

The Supreme Court erred in excluding the testimony of the plaintiffs' expert with respect to the standards established by the American National Standards Institute (hereinafter ANSI) and the industry practice regarding the operation of automatic doors. The testimony of such an expert may be considered by the jury in determining the applicable standard of care (see Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 337 [1986]; Jemmott v Rockwell Mfg. Co., Power Tools Div., 216 AD2d 444 [1995]). The expert was prepared to testify as to the 1991 ANSI standards, which were substantially similar to prior versions that may have been in effect at the time the door in question was constructed, and to industry practice in general. Thus, the absence of evidence as to the date of the door's manufacture was immaterial. Because the proffered testimony addressed only the standard of care, the fact that the expert had not seen the door was likewise immaterial. Whether the plaintiff is entitled to proceed on a theory of res ipsa loquitur can be determined only after the expert has testified.

Contrary to the plaintiffs' contention, however, the Supreme Court properly struck the testimony of the plaintiff Cathy

Alvarez regarding the alleged admission by the store manager that the "door is still not working." A statement by an agent who has no authority to speak for the principal does not fall within the "speaking agent" exception to the rule against hearsay "even where the agent was authorized to act in the matter to which [the] declaration relates" (*Simpson v New York City Tr. Auth.*, 283 AD2d 419 [2001], citing *Loschiavo v Port Auth.*, 58 NY2d 1040 [1983]; *see Risoli v Long Is. Light. Co.*, 195 AD2d 543,544 [1993]; *Nordhauser v New York City Health & Hosps. Corp.*, 176 AD2d 787, 791 [1991]). The burden is on the proponent of such testimony to establish its admissibility (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]). Since the plaintiffs failed to adduce any evidence as to the speaking authority of the declarant, the declaration is not admissible as evidence of actual or constructive notice of the alleged defect (*see Williams v Waldbaums Supermarkets*, 236 AD2d 605, 606 [1997]; *Lowen v Great Atl. & Pac. Tea Co.*, 223 AD2d 534, 535 [1996]).

Further, no evidence was presented that the defendant Joseph Mannino, doing business as Airlock Door Controls, assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff Cathy Alvarez by virtue of his maintenance contract with the defendant supermarket (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.