■ LOUIS PUCCIO DEVELOPMENTS, INC., Respondent, v JAMES DEAN et al., Appellants. [796 NYS2d 630]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered September 16, 2003, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $62,200.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Payne v Rodriguez*, 288 AD2d 280 [2001]). Issues of credibility are for the jury, which had the opportunity to observe the witnesses, and the jury's resolution of credibility issues is entitled to deference (*see Robinson v City of New York*, 300 AD2d 384, 385 [2002]; *Frumusa v Weyer Constr.*, 245 AD2d 416 [1997]). Moreover, a successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence (*see Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451, 451-452 [1997]).

The jury's determination that the plaintiff was entitled to payment for its work under the first three stages of a construction contract and for its installation of a fireplace was not against the weight of the evidence. The evidence at trial, including the defendants' admission that they signed documents certifying that the first three stages of the work were complete and that the plaintiff had constructed the fireplace, supported the jury's determination that the plaintiff was entitled to payment under the contract (*see K.G. Indus. v ADCO Elec. Corp.*, 253 AD2d 853, 854 [1998]). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.