■ ELIE LAHAM, Appellant, v BAHIA MEHMET BIN CHAMBI, Also Known as BAHIA MEHMET, Respondent. [824 NYS2d 641]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered March 22, 2005, dismissing the complaint upon a jury verdict in defendant's favor, and order, same court and Justice, entered April 11, 2005, which denied plaintiff's motion to set aside the verdict, unanimously affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195 [2004]; O'Boyle v Avis Rent-A-Car

*Sys.*, 78 AD2d 431, 438-439 [1981]). Issues of credibility are for the jury, which had the opportunity to observe the witnesses, and its resolution of credibility issues is entitled to deference (*see Louis Puccio Devs., Inc. v Dean*, 18 AD3d 826, 827 [2005]). Here, the jury could reasonably have credited defendant's testimony that a business colleague of plaintiff was the ultimate recipient of the funds, which was not definitively disproved by any of the documentary evidence submitted by plaintiff, and rejected plaintiff's testimony to the contrary (*see e.g. 1515 Summer St. Corp. v Parikh*, 13 AD3d 305, 306-307 [2004]).

Plaintiff was not deprived of a fair trial by the court's admission of hearsay affidavits offered into evidence by plaintiff (*see Weitz v State of New York*, 182 Misc 2d 320, 329 [1999]), even after plaintiff's counsel sought to withdraw them. Nor has plaintiff established that conduct by defendant or her counsel at trial was calculated to influence the jury by diverting their attention to considerations not legitimately before them (*see generally Panzarino v Jeffrey A. Weisberg, M.D., P.C.*, 257 AD2d 483, 484 [1999], *appeal dismissed* 93 NY2d 998 [1999]). While defendant repeatedly endeavored to "explain" her answers, with the intent to insert her own commentary or cast aspersions on plaintiff, the court controlled the situation, striking answers and admonishing defendant as needed. Furthermore, the charge made clear that defendant bore the burden of proof on her defenses and directed the jury's attention to the issue at hand.

Although the performance of the translators was far from exemplary, plaintiff has failed to establish prejudicial error warranting a new trial. Concur—Buckley, P.J., Tom, Mazzarelli, Williams and McGuire, JJ.