■ ELBA AQUINO, Respondent, v KUCZINSKI, VILA & ASSOCIATES, P.C., et al., Appellants. [835 NYS2d 16]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 17, 2006, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for

summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The issue in this legal malpractice action is whether plaintiff established that "but for" the negligence of defendants in failing to timely commence a personal injury action on her behalf, she would have prevailed in that litigation. On July 4, 2002, plaintiff was walking through the lobby of the Trump Taj Mahal Casino Resort in Atlantic City when she slipped on a substance she identified as vomit. Plaintiff did not see any substance on the floor prior to her fall. She alleges that after she fell, a woman dressed in a blazer and holding a walkie-talkie, whom she believed to be a security guard, came over and told her to get up. When she tried to get up unassisted, she allegedly fell again in the vomit.

According to plaintiff, she pulled herself over to a carpeted area, where she was able to stand. Subsequently, she was escorted to a nurse's station by the security guard. The nurse helped clean plaintiff's clothes and instructed her to wait for an ambulance. However, plaintiff and her daughters, who were also present at the casino that night, decided to leave the casino and drive home to New York. Plaintiff went to the emergency room that night, and a few days later was treated at Astor Care Medical, P.C., where she was diagnosed with various bulging discs and a disc herniation. Plaintiff received chiropractic treatment for her injuries for more than a year.

On July 9, 2002, plaintiff retained defendant law firm and attorney to represent her in a personal injury action against the casino. After meeting with plaintiff, defendant Kuczinski wrote letters to the casino, in August 2002 and March 2003, advising them of plaintiff's potential claim and requesting insurance information. In the second letter, Kuczinski also requested the surveillance tape for the date of plaintiff's accident. An insurance adjuster for the self-insured casino responded to each letter, requesting an explanation as to the basis for the casino's liability and further indicating that the casino "does not permit me to release internal incident and/or injury reports." Defendant Kuczinski asserts that the casino never made a settlement offer due to their belief that no liability existed due to a lack of actual or constructive notice.

In July 2004, after being contacted by plaintiff's daughter, defendant Kuczinski acknowledged that the two-year New Jersey statute of limitations for personal injury actions had expired, and that no action on plaintiff's behalf had been timely commenced.

In September 2004, plaintiff commenced the instant action for legal malpractice against defendants. Prior to depositions, defendants moved for summary judgment based on plaintiff's interrogatory answers, in which she admitted that she had no information as to how long the vomit existed prior to her accident or whether the casino had any prior notice of such condition. Defendants argued that because plaintiff could not show actual or constructive notice of the dangerous condition, she therefore cannot meet her burden in the legal malpractice action of demonstrating that "but for" the defendants' negligence, she would have prevailed in the underlying action. In opposition, plaintiff submitted her own affidavit which incorporated several statements allegedly made by the security guard, including an initial direction to plaintiff to "get up," and after plaintiff responded she was unable to do so, the guard's additional statement that "you have to try to get up or else I can't help you."

The court denied defendants' summary judgment motion, finding that the security guard's alleged statement that plaintiff would not receive assistance unless she tried to get up herself raised a triable issue "as to whether the casino had actual notice with regard to her second, subsequent fall in the same location."

After depositions, defendants filed a "renewed" motion for summary judgment, this time relying on plaintiff's deposition testimony, where she again admitted that she had no information regarding how long the dangerous condition existed. Defendant Kuczinski also noted that during each of his discussions with plaintiff about the case, she never mentioned any "second" fall. Plaintiff responded that she should not be penalized for her inability to prove notice in the underlying action, since that inability was solely the product of defendants' negligence in failing to investigate the case and timely commence an action. According to plaintiff, had a formal action been timely commenced, she would have obtained the names of crucial witnesses, such as the security guard, as well as any surveillance videotapes kept by the casino, in routine pretrial discovery proceedings. In addition, plaintiff argued that actual or constructive notice could be inferred in the underlying action, given the vomit's proximity to the lobby desk and bell boy station.

The court denied the renewed motion for summary judgment, finding that in light of the security guard's alleged statements to plaintiff after her initial fall, "plaintiff has raised a triable issue of fact, at least as to her second fall, that the casino had actual notice of the unsafe condition . . . ." We reverse.

In order to establish a prima facie case of legal malpractice, a

plaintiff must demonstrate that he or she would have succeeded on the merits of the underlying action but for the attorney's negligence (*Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *McClellan v Jacoby & Meyers, L.L.P.*, 30 AD3d 223 [2006], *lv denied* 7 NY3d 712 [2006]). Thus, in order to defeat summary judgment in this case, plaintiff was required to demonstrate that she would have prevailed in her underlying personal injury action against the casino, had such an action been timely commenced. This burden of proving "a case within a case" is a heavy one (*Lindenman v Kreitzer*, 7 AD3d 30, 34 [2004]).

In order to hold a landowner liable for a dangerous condition on its premises, a plaintiff must demonstrate that the defendant either created, or had actual or constructive notice of the hazardous condition which precipitated the injury (*Zuk v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 275 [2005]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 226 [2002]).* However, notice alone is not enough; the plaintiff must also show that defendant had "a sufficient opportunity, within the exercise of reasonable care, to remedy the situation" after receiving such notice (*Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 250 [1984], *affd* 64 NY2d 670 [1984], citing *Madrid v City of New York*, 42 NY2d 1039 [1977]; *see also Mercer v City of New York*, 88 NY2d 955 [1996] [no evidence that defendant had actual or constructive notice and a reasonable time to correct or warn about its existence]; *Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973 [1994] [no prima facie case of negligence where no evidence of notice of icy condition or whether defendant had sufficient time to remedy the dangerous condition]).

In the case at bar, plaintiff failed to introduce any evidence that the casino either created the dangerous condition, or had actual or constructive knowledge of it (*see Mercer*, 88 NY2d at 956). Plaintiff admitted in both her affidavit and deposition testimony that she has no information regarding how long the vomit was on the lobby floor prior to her accident, thus negating any possibility of proving constructive notice.

The motion court found a triable issue as to actual notice of the condition, based on the security guard's interaction with plaintiff after her initial fall in the vomit. We disagree for several reasons. First, even assuming the alleged security guard was an authorized agent of the casino, the casino or its agents manifestly did not have a reasonable opportunity to remedy the

---

* Because plaintiff's fall occurred in New Jersey, we note that New Jersey's tort rules are similar with respect to the requirement of actual or constructive notice (*see Nisivoccia v Glass Gardens, Inc.*, 175 NJ 559, 563, 818 A2d 314, 316 [2003]).

condition after receiving notice thereof (*see George v Big V. Supermarkets*, 258 AD2d 438, 439 [1999]; *Mercer v City of New York*, 223 AD2d 688, 690-691 [1996], *affd* 88 NY2d 955 [1996]). Under plaintiff's version of the facts, the casino (or its agent) did not receive actual notice of the dangerous condition until the security guard approached her and observed her on the floor after her initial fall. Obviously, at that juncture, notice of the condition was basically irrelevant since plaintiff had already slipped, and until plaintiff was able to stand up and leave the area, the casino had no practical opportunity to remedy the condition. Not even plaintiff has suggested that the casino had an obligation to clean up the vomit from under or around her before she stood.

While a landowner certainly has an obligation to remedy a dangerous condition in a reasonably prompt manner, so as to avoid additional accidents, there was no legal requirement under the circumstances presented for defendants to remedy the condition almost instantaneously, before plaintiff could even get up off the floor. The precedents of this Court and the Court of Appeals have never imposed such a burden on landowners, but rather permit an owner a reasonable time to remedy a dangerous condition after having received notice (*Simmons v Metropolitan Life Ins. Co.*, 84 NY2d at 973; *Lee-Pack v 1 Beach 105 Assoc., LLC*, 29 AD3d 644, 645 [2006] [defendants established that a reasonably sufficient time had not elapsed after the precipitation ended to permit them to remedy icy condition]; *Edwards v DeMatteis Corp.*, 306 AD2d 309, 310 [2003] [regardless of notice issue, defendants did not have sufficient time from cessation of storm to remedy condition]).

Second, contrary to the motion court's finding, there is no evidence in this record that the security guard had actual notice of a dangerous condition at the time of plaintiff's second fall. Although plaintiff introduced multiple statements by the security guard in support of her own case, she produced no evidence to show that the security guard was aware of the vomit upon which she had slipped, or that she told the guard of its existence, prior to her second fall. While the security guard obviously would have observed plaintiff on the floor, actual notice of a slip and fall is not the legal equivalent of notice of a dangerous condition, and only the latter gives rise to liability against the casino.

Third, because the lack of evidence of actual or constructive notice and a reasonable opportunity to remedy the condition effectively precludes any liability against the casino as a landowner, plaintiff suggests that the casino may be held liable based

on the security guard's purported negligent failure to assist her in getting up. We disagree. The only evidence offered by plaintiff in support of this argument was the security guard's hearsay statements telling plaintiff that she had to try to get up before she would receive assistance. Contrary to the motion court's ruling, we find that these statements were offered for the truth of the matter asserted therein, as there would be no other reason to offer these statements other than to prove that the security guard acted negligently by instructing plaintiff in this manner. Notably, however, plaintiff made no attempt to meet her burden of establishing that the security guard was authorized to speak on the casino's behalf, and thus, the security guard's statement was not admissible under the speaking-agent exception to the hearsay rule (*Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]; *Alvarez v First Natl. Supermarkets, Inc.*, 11 AD3d 572, 573-574 [2004]). Hearsay alone is insufficient to defeat summary judgment (*Navedo v 250 Willis Ave. Supermarket*, 290 AD2d 246, 247 [2002]), and plaintiff has failed to show by admissible evidence that she would have prevailed in holding the casino liable for the security guard's alleged negligence.

In any event, even assuming that the security guard was authorized to speak on behalf of the casino, plaintiff has failed to establish that in failing to have its agent assist plaintiff in climbing to her feet in a nonnegligent manner, the casino breached some common-law duty owed to her.

In the final analysis, defendants' negligence in failing to investigate plaintiff's case and timely commencing an action does not relieve plaintiff of her burden of proving that she would have prevailed in that litigation but for defendants' negligence (*see Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]; *Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 67 [2002] ["A failure to establish proximate cause requires dismissal regardless of whether negligence is established"]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.