■ MARGIE ROGERS, Respondent, v CITY OF NEW YORK et al., Appellants. [860 NYS2d 158]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 20, 2003, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for negligence is granted.

On December 10, 1997 John Rogers (hereinafter Rogers), who has since died, sustained personal injuries when he came into contact with a truck operated by the defendant Lawrence Jones at a Brooklyn intersection. Rogers and his wife, suing derivatively, subsequently commenced this action alleging negligence and negligent hiring. Notably, at the hearing conducted pursuant to General Municipal Law § 50-h, Rogers acknowledged that he had no memory of the events leading up to the occurrence. The defendants thereafter moved for summary judgment dismissing the complaint. In support of their motion, they

submitted Jones's deposition testimony, wherein he testified that the subject intersection was governed by a stop sign and that he came to a full stop before making a left turn. Jones testified that, after looking in both directions, he observed a pedestrian on the left corner, but did not recall seeing anybody walking into the intersection. Thereafter, Jones began to execute a left turn, and when he reached the middle of the intersection, he heard a loud noise which emanated from the left side of the vehicle. Upon exiting the truck, Jones observed a man who turned out to be Rogers, lying on the ground near the left rear of the truck. The defendants also submitted a medical record from St. John's Hospital indicating that two months earlier, Rogers underwent the excision of a brain tumor and that at that time, he suffered from decreased vision in his right eye and decreased hearing in his right ear. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged negligent hiring, and otherwise denied the motion.

The defendants established, prima facie, their entitlement to judgment as a matter of law as the evidence submitted in support of their motion demonstrated that the subject motor vehicle accident was not proximately caused by any negligence on the part of the defendants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The evidence submitted by the plaintiff in opposition to the motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged negligence. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.