DONAVAN GRAHAM et al., Appellants, v HOWARD WEINTRAUB et al., Respondents, et al., Defendant. [869 NYS2d 204]—

In this medical malpractice action, Donavan Graham (hereinafter the plaintiff) and his wife, derivatively, seek to recover damages for the alleged medical malpractice of the plaintiff's doctors in failing to timely order a colonoscopy to diagnose his

colon cancer. According to the testimony at trial, the plaintiff presented to his treating physician, the defendant Howard Weintraub, with sharp and consistent pain in his abdomen in October 2002. He was treated again by Weintraub, a principal of the defendant Central Brooklyn Medical Group, P.C. (hereinafter Central Brooklyn Medical), in March 2003, and at that time, blood tests and an endoscopy were ordered. Between March 2003 and July 2003, the plaintiff was treated by both Weintraub and a gastrointestinal specialist, the defendant Samuel Moskowitz. Both doctors testified that their plan was to do an endoscopy, then two CT scans and then, if the CT scans were negative, to do a colonoscopy. Moskowitz testified that he saw the plaintiff on May 13, 2003, and a second CT scan report was produced on May 27, 2003, but it did not show cancer. In July 2003, when the plaintiff had a colonoscopy, stage 3B cancer was diagnosed. The plaintiff then underwent surgery and chemotherapy.

The plaintiffs' experts and the experts of Weintraub, Moskowitz, and Central Brooklyn Medical (hereinafter collectively the defendants) disagreed as to whether the different phases of the testing plan constituted departures from accepted medical practice. What the experts did not disagree about was that on May 13, 2003, the plaintiff's cancer was still at stage 2, where no chemotherapy would have been necessary. Thus, if a colonoscopy had been ordered on that date, it would have revealed the cancer, but no chemotherapy would have been necessary. Without objection, the court submitted written interrogatories to the jury separately inquiring as to negligence and proximate cause with regard to the defendants. The jury found, inter alia, that Moskowitz was negligent on or about March 25, 2003, in not taking a complete history from the plaintiff when he did an endoscopy; that Weintraub was negligent on or about March 26, 2003, in not telephoning Moskowitz to speak about the plaintiff after the endoscopy results came back negative; and that Moskowitz was negligent on or about May 13, 2003, in not ordering a colonoscopy. The jury found, however, that the doctors' departures were not a substantial cause of the plaintiff's injury. The interrogatory sheet instructed the jury to proceed to the questions concerning the plaintiff's negligence only if it found that the defendants' negligence was a substantial cause of the plaintiff's injuries. The jury ignored that instruction and proceeded to the set of questions concerning the plaintiff and found that he was negligent in failing to go for a complete physical, including blood work, in October 2002 and that this was the substantial cause of his injury.

The Supreme Court denied the plaintiffs' motion to set aside

the verdict as against the weight of the evidence pursuant to CPLR 4404 (a), and entered a judgment on the verdict in favor of the defendants and against the plaintiffs. We reverse and remit the matter to the Supreme Court, Kings County, for a new trial against the defendants.

The plaintiffs' contention that the jury verdict in favor of the defendants was not supported by legally sufficient evidence is not preserved for appellate review (*see Eves v Ray,* 42 AD3d 481 [2007]). The Supreme Court erred, however, in denying the plaintiffs' motion to set aside the verdict as against the weight of the evidence. Generally, a verdict should not be set aside as against the weight of the evidence unless "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Panariello v Ballinger,* 248 AD2d 452, 452 [1998]; *see also Knish v Meehan,* 291 AD2d 647 [2002]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). A fair interpretation of the evidence does not support the jury's verdict that the plaintiff's negligence was a substantial cause of his injury, nor does it support a finding that the negligence of Moskowitz and Weintraub was not a substantial cause of his injury. The evidence established, among other things, that the plaintiff did not need chemotherapy until sometime after Moskowitz's departure on May 13, 2003, in not ordering a colonoscopy. Even if the plaintiff was comparatively negligent in October 2002, the defendant doctors' subsequent departures clearly contributed to the need for chemotherapy. We note that had Moskowitz's departure not occurred on May 13, 2003, the cancer would have been diagnosed prior to reaching stage 3B.

For these reasons, we conclude that the judgment should be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial. In light of this determination, it is unnecessary to reach the plaintiffs' remaining contentions. Lifson, J.P., Florio, Eng and Belen, JJ., concur.