■ CLEGGUY FOWLER et al., Appellants, et al., Plaintiffs, v JAMAICA BUS et al., Respondents. [878 NYS2d 917]—In an action to recover damages for personal injuries, the plaintiffs Clegguy Fowler and Lydie Fowler appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered November 2, 2007, as, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants and against them dismissing the complaint insofar as asserted by them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The contention of the plaintiffs Clegguy Fowler and Lydie Fowler (hereinafter the plaintiffs) that the jury verdict in favor of the defendants was not supported by legally sufficient evidence is not preserved for appellate review (*cf. Graham v Weintraub,* 57 AD3d 609 [2008]).

The Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather, requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.,* 19 AD3d 343 [2005]). Under the circumstances, the jury verdict is supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]). Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.