JOEHAU COLLAZO, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Appellants, et al., Defendants. [891 NYS2d 129]—

The plaintiff moved to set aside a jury verdict in favor of the appellants on the issue of liability on two grounds. The first ground was that the verdict was contrary to the weight of the evidence. The second was that the jury verdict should be set aside in the interest of justice because the court erred in instructing the jury that if it found the appellant bus driver Manna R. Ramkissoon violated New York City Traffic Regulations (34 RCNY) § 4-03 (a) (3), it could consider such violation some evidence of negligence, while also instructing the jury that a finding that Ramkissoon violated Vehicle and Traffic Law § 1111 (d) (1) constituted negligence. The Supreme Court granted the motion on the ground that the verdict was contrary to the weight of the evidence, but rejected the plaintiff's challenge to the jury instructions.

The Supreme Court erred in setting aside the verdict as contrary to the weight of the evidence. A fair interpretation of the evidence supported the jury verdict in favor of the appellants on the issue of liability (*see Lolik v Big V Supermarkets,* 86 NY2d

744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]). The conflicting versions of the accident presented by the parties at trial raised a question for the jury to resolve, and, as the jury had the opportunity to hear and observe the witnesses, we accord great deference to the jury determination to credit Ramkissoon's testimony that he did not proceed against a red light (*see Wahid v Long Is. R.R. Co.,* 59 AD3d 712, 713 [2009]; *Ahr v Karolewski,* 48 AD3d 719 [2008]). Moreover, there was ample evidence adduced at trial from which the jury could have reasonably found that the accident did not occur at a crosswalk, and that the plaintiff's actions in crossing the roadway outside of a crosswalk when it was impossible to yield was the sole proximate cause of the accident (*see Ahr v Karolewski,* 48 AD3d 719 [2008]; *Campbell v Crimi,* 267 AD2d 343 [1999]).

However, the court's instructions to the jury that a violation of the New York City Traffic Regulations (34 RCNY) § 4-03 (a) (3) could be considered some evidence of negligence, while a violation of Vehicle and Traffic Law § 1111 (d) (1) constitutes negligence, was confusing, given that the regulation and statute are essentially consistent, and warranted setting aside the verdict and granting a new trial (*see Franco v Zingarelli,* 72 AD2d 211, 216-217 [1980]). In the absence of express statutory language providing that a local regulation controls over a state statute, and where, as here, the regulation and statute are essentially consistent with each other, the statute controls (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74; *cf.* Vehicle and Traffic Law § 1642). Moreover, a violation of a state statute constitutes negligence as a matter of law (*see Fox v Lyte,* 143 AD2d 390, 392 [1988]; *Rodriguez v Cato,* 63 AD2d 922, 923 [1978]; *Piarulli v Lason,* 35 AD2d 605 [1970]). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was to set aside the jury verdict in the interest of justice and, at the new trial, the trial court should instruct the jury that a finding that Ramkissoon violated Vehicle and Traffic Law § 1111 (d) (1) constitutes negligence and should not make any reference to New York City Traffic Regulations (34 RCNY) § 4-03 (a) (3). Mastro, J.P., Belen, Hall and Austin, JJ., concur.