■ RAMON PALERMO, Appellant, v ORIGINAL CALIFORNIA TAQUERIA, INC., et al., Respondents. [898 NYS2d 502]—In an ac-

tion, inter alia, to recover damages for false imprisonment and battery, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered February 5, 2009, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Dunnaville v Metropolitan Tr. Auth. of City of N.Y.*, 68 AD3d 1047 [2009]; *Artusa v Costco Wholesale*, 27 AD3d 499, 500 [2006]; *Nicastro v Park*, 113 AD2d 129, 132-137 [1985]). Whether a verdict should be set aside as contrary to the weight of the evidence is not a question of law, but instead requires the discretionary balancing of various factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Alatzas v National R.R. Passenger Corp.*, 67 AD3d 832, 833 [2009]). It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses (*see DeToia v Yellow Transp., Inc.*, 68 AD3d 804, 805 [2009]; *Fowler v Jamaica Bus*, 62 AD3d 943 [2009]).

Contrary to the plaintiff's contention, there is no basis in the record to disturb the jury's resolution of the issues in favor of the defendants, and the verdict is supported by a fair interpretation of the evidence (*see e.g. McGovern v Iqbal*, 63 AD3d 803 [2009]; *Gonyon v MB Tel.*, 36 AD3d 592 [2007]; *Dicke v Anci*, 31 AD3d 696 [2006]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.