SEONG YIM KIM et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. [928 NYS2d 315]—

The plaintiff Seong Yim Kim (hereinafter the plaintiff pedes-

trian) allegedly was involved in an accident while walking across Roosevelt Avenue in Queens, when a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by its employee, the defendant Howard Frye, made a left turn from Bowne Street at its intersection with Roosevelt Avenue and struck her. At the time of the accident, the plaintiff pedestrian's husband, the plaintiff Seok Cho Kim (hereinafter the plaintiff husband) was on the opposite side of Roosevelt Avenue waiting for another bus.

The plaintiff pedestrian and the plaintiff husband, suing derivatively, commenced this action against the NYCTA and Frye, to recover damages allegedly sustained as a result of the defendants' negligence. After the trial, the jury returned a verdict finding that the defendants were not negligent in the happening of the accident. The plaintiffs orally moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in their favor on the issue of liability or to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court granted that branch of the motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial.

CPLR 4404 (a) states that a court may set aside a jury verdict and either (1) "direct that judgment be entered in favor of a party entitled to judgment as a matter of law" or (2) "order a new trial . . . where the verdict is contrary to the weight of the evidence." A jury verdict should not be set aside as contrary to the weight of the evidence unless "the evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence" (*Acosta v City of New York*, 84 AD3d 706, 708 [2011]; *see Harris v Marlow*, 18 AD3d 608, 610 [2005]; *Schiskie v Fernan*, 277 AD2d 441 [2000]). "[I]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]).

Here, there was a fair interpretation of the evidence supporting the jury's determination that the defendants were not negligent in failing to yield the right of way to a pedestrian lawfully in a crosswalk at the time a steady green traffic signal was exhibited (*see* Vehicle and Traffic Law § 1111 [a] [1]) or failing to see what was there to be seen (*see* Vehicle and Traffic Law § 1146; *see e.g. Kaminsky v M.T.A. N.Y. City Tr. Auth.*, 79 AD3d 411, 412 [2010]).

The plaintiff pedestrian testified that she saw the bus in mo-

tion before she entered the roadway at a fast pace in order to meet her husband, and her husband testified that the bus was in the middle of its turn when it struck her. Frye testified that he did not observe any pedestrians upon looking in all directions before proceeding into the intersection, and that the plaintiff pedestrian was in the street near the rear wheels of his bus immediately after the impact. It was a fair interpretation of this evidence for the jury to have found that the plaintiff pedestrian was not in the crosswalk when Frye started making his turn and that she was beyond his view. Thus, the Supreme Court erred in setting aside the jury's verdict in favor of the defendants (*see Singh v New York City Tr. Auth.*, 143 AD2d 1001 [1988]; *Collazo v Metropolitan Suburban Bus Auth.*, 68 AD3d 803 [2009]; *cf. Rogers v City of New York*, 52 AD3d 589, 590 [2008]; *Blazer v Tri-County Ambulette Serv.*, 285 AD2d 575 [2001]).

In light of our determination, the plaintiffs' contention is academic. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.