(February 21, 2012)

TEMITOPE ADETIMIRIN et al., Appellants, v HOWLAND HOOK HOUSING Co., INC., et al., Respondents. [939 NYS2d 498]—

On June 18, 2006, a Sunday night, the injured plaintiff allegedly entered an unlighted stairwell located in a 13-story apartment building in which she lived, which was owned and managed by the defendants, where she slipped and fell on a wet substance on the stairwell landing. The injured plaintiff, and her husband, asserting a derivative claim, commenced this action alleging that the defendants' negligence and violation of certain New York City Administrative Code provisions caused the accident. The action proceeded to trial before a jury, at which the plaintiffs testified that the lights in the stairwell were not working and there was a puddle of urine on the stairwell landing. A handyman who worked Monday through Friday at the subject building, who had the responsibility to inspect, maintain, and repair the premises, testified that, although in the past he had received complaints of urine in the stairwell and nonworking lights, he did not observe these conditions before or after the weekend of the injured plaintiff's accident.

After a trial on the issue of liability, the jury returned a verdict finding, in answer to the first question on the verdict sheet, that the subject premises were in a reasonably safe condition at the time of the accident. The plaintiffs' counsel moved, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and the court denied the motion. A judgment dismissing the complaint was entered on the verdict, and the plaintiffs appeal. We affirm.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderates in favor of the moving party that the jury could not have reached its verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Seong Yim Kim v New*

*York City Tr. Auth.*, 87 AD3d 531, 532 [2011]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). "It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]). Here, based on the evidence submitted to the jury, its determination that the subject area was reasonably safe on the date of the accident is supported by a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence.

The plaintiffs' remaining contention is without merit. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.