■ NANCY GONZALEZ, Appellant, v LORISSA BUS SERVICE, INC., et al., Respondents. [942 NYS2d 209]—

In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated June 30, 2011, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Carmen Diaz, allegedly was crossing the street within a crosswalk at an intersection with a traffic light in her favor when she was struck by a bus operated by the defendant Hector Aguilar and owned by the defendant Lorissa Bus Service. Aguilar testified at his deposition that he looked all around him before making a left turn and that he did not see Diaz. He had completed making the left turn when he heard screams and saw Diaz near the left, rear area of the bus.

In support of her motion for summary judgment on the issue of liability, the plaintiff failed to establish, prima facie, that Aguilar's alleged negligence in the operation of his vehicle was the sole proximate cause of the accident (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The plaintiff failed to establish, prima facie, that Diaz was already in the crosswalk when Aguilar began to make his turn and that Diaz was not comparatively at fault in the happening of the ac-

cident (*see* Rules of City of NY Dept of Transp [34 RCNY] § 4-04 [b] [2]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531 [2011]; *Kaminsky v M.T.A. N.Y. City Tr. Auth.*, 79 AD3d 411, 412 [2010]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.