■ MIGUEL AGUI, Respondent, v ADRIANE E. FERNANDEZ et al., Appellants. [978 NYS2d 696]—

A jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderates in favor of the moving party that the jury could not have reached its verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Adetimirin v Howland Hook Hous. Co., Inc.*, 92 AD3d 814 [2012]; *Nicastro v Park*, 113 AD2d 129, 133-134 [1985]). Here, it was a fair interpretation of the evidence for the jury to have found that the plaintiff, a pe-

destrian, was not in the crosswalk when the defendant driver started making his turn, and that the defendant driver could not see the plaintiff (*see Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 533 [2011]; *Collazo v Metropolitan Suburban Bus Auth.*, 68 AD3d 803, 804 [2009]). Accordingly, the Supreme Court should not have set aside the jury's verdict in favor of the defendants. Leventhal, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.