■ WILLIAM RIVERA, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [990 NYS2d 42]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens

County (Raffaele, J.), entered December 16, 2013, which, upon a jury verdict on the issue of liability in favor of the defendant, and upon the denial of his motion pursuant to CPLR 4404 (a), in effect, to set aside the verdict as contrary to the weight of evidence and for a new trial, is in favor of the defendant and against him dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the trial transcript dated October 7, 2013, is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

A court may set aside a jury verdict as contrary to the weight of the evidence and order a new trial if "the evidence so preponderates in favor of the [moving party]" that the jury's conclusion "could not have been reached on any fair interpretation of the evidence" (*O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439 [1981]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Agui v Fernandez*, 113 AD3d 645 [2014]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011]). "It is within the province of the jury to determine issues of credibility" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]). "Its resolution of these issues is entitled to deference and a successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence" (*Bertelle v New York City Tr. Auth.*, 19 AD3d 343, 343-344 [2005] [citations omitted]; *see Acosta v City of New York*, 84 AD3d 706, 709 [2011]; *Louis Puccio Devs., Inc. v Dean*, 18 AD3d 826, 827 [2005]).

Here, a fair interpretation of the evidence supported the jury's finding that an unknown operator of a motor vehicle involved in an accident with the plaintiff, a pedestrian, was not negligent. Rules of City of New York Department of Transportation (34 RCNY) § 4-04 (b) (1), entitled "Operators to yield to pedestrians in crosswalk," provides that "[w]hen traffic control signals or pedestrian control signals are not in place or not in operation, the operator of a vehicle shall yield the right of way to a pedestrian crossing a roadway within a crosswalk when the pedestrian is in the path of the vehicle or is approaching so closely thereto as to be in danger." Rules of City of New York Department of Transportation (34 RCNY) § 4-04 (b) (2), entitled "Right of way in crosswalks," provides that "[p]edestrians shall not cross in front of oncoming vehicles. Notwithstanding the provisions of (1) of this subdivision (b), no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for

the operator to yield." Rules of City of New York Department of Transportation (34 RCNY) § 4-04 (c) (2) provides that "[n]o pedestrian shall cross any roadway at an intersection except within a crosswalk." According to the plaintiff, he stepped off a sidewalk approximately one car length away from the corner in an attempt to cross Rockaway Beach Boulevard at Beach 96th Street in Queens. The plaintiff conceded that there was no designated crosswalk at that intersection. Almost immediately after the plaintiff had stepped off the curb, his leg came into contact with the right side of the unidentified motor vehicle after he had walked approximately two feet into the roadway. Thus, there was ample evidence adduced at trial from which the jury could have reasonably found that the plaintiff violated Rules of City of New York Department of Transportation (34 RCNY) § 4-04 (b) (2) and (c) (2), and that those violations, rather than any conduct on the part of the unknown motorist, proximately caused the accident (*see Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d at 532-533; *Singh v New York City Tr. Auth.*, 143 AD2d 1001, 1001-1002 [1988]; *see also Collazo v Metropolitan Suburban Bus Auth.*, 68 AD3d 803 [2009]).

Accordingly, the Supreme Court did not err in denying the plaintiff's motion, in effect, to set aside the verdict in favor of the defendant as contrary to the weight of the evidence and for a new trial. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.