KAMLAWATTIE GANGADEEN, Appellant, et al., Plaintiff, v JESUS LUGO ROMAN et al., Respondents. [29 NYS3d 416]—

In an action to recover damages for personal injuries, etc., the plaintiff Kamlawattie Gangadeen appeals from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered July 25, 2014, which, upon a jury verdict in favor of the defendants and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On October 19, 2011, the plaintiff Kamlawattie Gangadeen (hereinafter the injured plaintiff), while crossing the street at or near the intersection of 64th Avenue and 98th Street in Queens, allegedly was injured when she was struck by a vehicle operated by the defendant Jesus Lugo Roman and owned by the defendant Iridium Services Corp. The injured plaintiff, and her husband suing derivatively, commenced this action in 2012. Following a trial on the issue of liability, the jury rendered a verdict in favor of the defendants, finding that Roman was not negligent. The injured plaintiff moved pursuant to CPLR 4404

(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and entered a judgment dismissing the complaint.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Barbieri v Vokoun*, 72 AD3d 853, 855 [2010]; *see Rivera v Motor Veh. Acc. Indem. Corp.*, 119 AD3d 540, 541 [2014]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011]). Here, the jury's verdict was based on a fair interpretation of the evidence (*see Chiara v Dernago*, 128 AD3d 999, 1002-1003 [2015]; *Albano v K.R. & S. Auto Repair, Inc.*, 123 AD3d 748, 750 [2014]; *Agui v Fernandez*, 113 AD3d 645, 645-646 [2014]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d at 532; *Saccone v Gross*, 84 AD3d 1208, 1208-1209 [2011]; *Collazo v Metropolitan Suburban Bus Auth.*, 68 AD3d 803, 804 [2009]; *Singh v New York City Tr. Auth.*, 143 AD2d 1001, 1001-1002 [1988]).

The injured plaintiff's contention that the Supreme Court erred in failing to provide the jury with a habit and custom instruction regarding her route from her apartment to the subway station is unpreserved for appellate review (*see* CPLR 4110-b; *Figueroa-Burgos v Bieniewicz*, 135 AD3d 810 [2016]; *Silverstein v Marine Midland Trust Co. of N.Y.*, 35 AD3d 840, 840 [2006]; *Gonzalez v Jamaica Hosp.*, 25 AD3d 652, 652 [2006]).

Contrary to the injured plaintiff's contention, the Supreme Court providently exercised its discretion in limiting cross-examination of the defendants' expert witness (*see Galasso v 400 Exec. Blvd., LLC*, 101 AD3d 677, 678 [2012]; *Christoforatos v City of New York*, 90 AD3d 970, 970 [2011]; *Berger v Tarry Fuel Oil Co.*, 32 AD3d 409, 409 [2006]; *Prendergast v Patel*, 301 AD2d 508, 509 [2003]). Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.