■ MICHELLE WILSON, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [50 NYS3d 416]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Connolly, J.), dated November 6, 2014, which, upon a jury verdict on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff was injured by a public bus while attempting to cross a street in Mount Vernon, Westchester County. At the trial on the issue of liability, some witnesses testified that the plaintiff entered the roadway in the crosswalk when the bus hit her in the course of making a left turn. Other witnesses testified that the plaintiff entered the roadway in a rush from underneath scaffolding some distance from the crosswalk while holding an open umbrella that may have obscured her view of oncoming traffic, and walked into the bus. A video recording from inside the bus entered into evidence during trial did not provide a view of the plaintiff until after the accident, supporting and undercutting some aspects of both narratives. The jury rendered a verdict in favor of the defendants, finding that the defendant bus driver was not negligent. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion and entered a judgment in favor of the defendants and against her, in effect, dismissing the complaint. The plaintiff appeals.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Barbieri v Vokoun*, 72 AD3d 853, 855 [2010]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Rivera v Motor Veh. Acc. Indem. Corp.*, 119 AD3d 540, 541 [2014]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011]). "It is within the

province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d at 532). Here, the jury's verdict was based on a fair interpretation of the evidence (*see Gangadeen v Roman*, 137 AD3d 1211, 1212 [2016]; *Agui v Fernandez*, 113 AD3d 645, 645-646 [2014]; *Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d at 531-533; *Collazo v Metropolitan Suburban Bus Auth.*, 68 AD3d 803, 803-804 [2009]; *Singh v New York City Tr. Auth.*, 143 AD2d 1001, 1001-1002 [1988]).

Contrary to the plaintiff's contention, the Supreme Court properly excluded a report generated by the defendant Liberty Lines Transit, Inc., during the course of a disciplinary process related to the accident containing alleged admissions. A statement by an agent who has no authority to speak for the principal does not fall within the "speaking agent" exception to the rule against hearsay "even where the agent was authorized to act in the matter to which [the] declaration relates" (*Simpson v New York City Tr. Auth.*, 283 AD2d 419 [2001]; *see Alvarez v First Natl. Supermarkets, Inc.*, 11 AD3d 572, 574 [2004]). The burden is on the proponent of such evidence to establish its admissibility (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]). Since the plaintiff failed to adduce any evidence as to the speaking authority of the declarant, the report was not admissible (*see Rodriguez v New York City Tr. Auth.*, 118 AD3d 618, 619 [2014]; *Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 220-221 [2007]; *Alvarez v First Natl. Supermarkets, Inc.*, 11 AD3d at 572-573; *Simpson v New York City Tr. Auth.*, 283 AD2d at 419).

Furthermore, the Supreme Court properly sustained the defendants' objections to the improper comments of the plaintiff's attorney during summation and corrected any possible prejudice by issuing curative instructions (*see Jackson v County of Sullivan*, 232 AD2d 954, 955-956 [1996]; *People v Davis*, 128 AD2d 800 [1987]).

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.