Faulknor v Gina's Trucking, Inc. (2018 NY Slip Op 01045)





Faulknor v Gina's Trucking, Inc.


2018 NY Slip Op 01045


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-02824
 (Index No. 62389/15)

[*1]Diana Faulknor, respondent, 
v
Gina's Trucking, Inc., et al., appellants, et al., defendants.


Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Jessica Kronrad and Mikhail Pinkusovich of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Gina's Trucking, Inc., and Rory J. Jenkins appeal from an order of the Supreme Court, Westchester County (Wood, J.), dated March 7, 2016, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Gina's Trucking, Inc., and Rory J. Jenkins for summary judgment dismissing the complaint insofar as asserted against them is granted.
On July 7, 2015, the plaintiff allegedly was walking on a sidewalk in an easterly direction in Westchester. After she stepped off the sidewalk onto the street, her right foot came into contact with the rear of a tractor-trailer that was making a right turn. According to the defendant Rory J. Jenkins, the operator of the tractor, he had completed approximately 85% of the turn at the time of the contact with the plaintiff. The trailer attached to the tractor was 48 feet long. The plaintiff allegedly did not see the tractor-trailer prior to the impact. The plaintiff allegedly sustained personal injuries as a result of the incident, and she commenced this action against, among others, the defendants Gina's Trucking, Inc., the owner of the tractor-trailer, and Jenkins (hereinafter together the appellants). The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motion.
The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was the sole proximate cause of the accident (see Stern v Schwartz, 65 AD3d 1130; Rogers v City of New York, 52 AD3d 589, 590; Carrasco v Monteforte, 266 AD2d 330, 331). The evidence submitted in support of the appellants' motion established that the plaintiff failed to see what was there to be seen and walked into the path of the rear of the tractor-trailer. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the appellants' motion for [*2]summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court