King v Perez (2018 NY Slip Op 02450)





King v Perez


2018 NY Slip Op 02450


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-03628
 (Index No. 9963/14)

[*1]India King, etc., et al., appellants,
v Mercedes M. Perez, respondent.


Sacco & Fillas, LLP, Astoria, NY (Adam Nichols of counsel), for appellants.
Roe & Associates, Garden City, NY (Jacqueline R. Garren of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 21, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 19, 2014, at approximately 5:40 p.m., the infant plaintiff, a pedestrian, was crossing Greenwich Street in Hempstead, 100 feet north of the intersection with Harold Avenue, when she came into contact with a vehicle owned and operated by the defendant. The infant plaintiff ran across the two northbound lanes of traffic on Greenwich Street into the southbound lane of traffic, where she collided with the defendant's vehicle. The defendant testified at her deposition that the impact to her vehicle occurred between the driver's side-view mirror and the headlight, above the tire. An eyewitness to the accident testified at her deposition that the infant plaintiff "wasn't looking" and ran into the defendant's vehicle. The infant plaintiff could not recall the accident.
In October 2014, the infant plaintiff, by her mother and natural guardian, and her mother individually, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959). Here, the defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the infant plaintiff ran across two lanes of traffic, and, without looking to her right for oncoming traffic, proceeded into the defendant's lane of traffic where she made contact with the defendant's vehicle. Additionally, the defendant's submissions demonstrated that the infant plaintiff's point of impact was to the side of the defendant's vehicle, somewhere between the driver's side-view mirror and the headlight. This evidence demonstrated, prima facie, that the defendant was not at fault in the happening of the accident (see Rogers v City [*2]of New York, 52 AD3d 589, 590; Carrasco v Monteforte, 266 AD2d 330, 331; Moskowitz v Israel, 209 AD2d 676; cf. Brandt v Zahner, 110 AD3d 752, 752-753).
In opposition, the infant plaintiff, who did not recall the accident, failed to raise a triable issue of fact as to whether any negligence on the part of the defendant contributed to the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court