Reveyosos v Town Sports Intl., LLC (2018 NY Slip Op 04441)





Reveyosos v Town Sports Intl., LLC


2018 NY Slip Op 04441


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6891 157500/12

[*1]Joan Reveyosos, Plaintiff-Appellant,
v
Town Sports International, LLC, doing business as New York Sports Club, Defendant-Respondent.


Bergstein & Ullrich, LLP, New Paltz (Stephen Bergstein of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, Harrison (Allyson A. Avila of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered November 13, 2017, which, to the extent appealed from as limited by the briefs, following a jury verdict in plaintiff's favor on her claim for disability discrimination in violation of the New York City Human Rights Law (City HRL), granted that portion of defendant's cross motion seeking to set aside the jury verdict as against the weight of the evidence pursuant to CPLR 4404 and ordered a new trial, unanimously reversed, on the law and the facts, defendant's cross motion denied, and the matter remanded for consideration of plaintiff's motion for attorneys' fees.
The jury verdict was not against the weight of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). A fair interpretation of the trial evidence shows that plaintiff, a sightless 66-year-old woman, asked for, and received, from defendant, owner of a commercial gymnasium open to the public, an accommodation for her disability in the form of an employee escort from the gym entrance downstairs to her preferred exercise machine. The employee would then program the machine to plaintiff's preferred settings and would be available to escort plaintiff back upstairs when she was finished exercising. This accommodation functioned, with a minimum of disruption for either party, over the next six months, during which period plaintiff visited the gym a half-dozen times. Notably, there is no evidence in the record that the accommodation cost defendant any money at all, or otherwise represented any sort of undue hardship on defendant as that term is defined in the statute (see Administrative Code of City of NY § 8-102[18][a]-[d]; Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 835 [2014]). While plaintiff typically had to wait a few minutes for defendant to find an employee to assist her, she did not mind the short wait.
Since the parties had already reached a reasonable accommodation, in the form of the employee escort, there was no legally cognizable reason for defendant to ask plaintiff to have Medicare provide her with a trainer. Indeed, in so doing, defendant would have been abdicating its legal obligation to provide a reasonable accommodation altogether, by shifting the burden entirely to another party. Defendant's witnesses testified that it also proposed an alternative accommodation — in the form of asking plaintiff to call in advance of her visits to permit defendant to arrange assistance for her. Plaintiff testified that this did not occur and that she was told by the gym's employees that she would no longer be assisted to and from the exercise machine. The jury resolved this credibility determination in plaintiff's favor (see Laham v Bin Chambi, 34 AD3d 374, 375 [1st Dept 2006]).
Based on our review of the record, defendant's request for a reduction of the compensatory damages award is without merit.
Plaintiff did not object to the trial court's refusal to charge punitive damages, and therefore did not preserve the issue for review (see CPLR 4110-b; Washington v Ateno, 103 AD3d 529, 529 [1st Dept 2013]).
Since the trial court, in light of its decision, did not consider plaintiff's motion for attorneys' fees it should consider this matter upon remand.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK