■ KEVIN McCUSKER et al., Appellants, v GERALD HUBEN et al., Respondents. [677 NYS2d 170] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated June 27, 1997, which, upon denying their motions to set aside the jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is modified by deleting the provision thereof dismissing the common-law negligence cause of action and substituting therefor a provision granting that branch of the plaintiffs' motion which was to set aside the verdict as to the common-law negligence cause of action; as so modified, the judgment is affirmed, and a new trial is granted only with re-

spect to the cause of action for common-law negligence, with costs to abide the event.

The plaintiffs contend, *inter alia*, that the jury's finding that the defendant Gerald Huben was negligent, but that Gerald Huben's negligence was not a substantial factor in causing the accident which resulted in injuries sustained by the plaintiff Kevin McCusker, was against the weight of the evidence.

A jury verdict may be set aside and a new trial granted when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict were sustained (*see, Finkel v Benoit,* 211 AD2d 749, 750; *Pinto v Pyramid Tire,* 193 AD2d 723, 724; *Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787, 789). Weight of the evidence analysis involves a balancing of many factors (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). The operative factor in deciding whether a jury's verdict should be set aside is a finding that the jury could not have reached the verdict by any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134).

Here, the plaintiff Kevin McCusker was helping his friend, the defendant Gerald Huben, in applying siding to Huben's house when a supporting wooden plank of the scaffold upon which he was standing split into several pieces causing him to fall to the ground and sustain injuries. It was undisputed that the defendant supplied and placed the wooden board on the scaffold but failed to inspect the board for knots or checks. The defendant had not purchased the board for the purposes of scaffolding, and the injured plaintiff observed knots and checks in the wooden plank as he was working on the scaffold. Moreover, the defendant admitted that he knew of no other cause of the accident other than the fact that the board split and collapsed. Additionally, the plaintiffs' expert testified that, having viewed photographs of the apparatus and observing faults in the wood, the wood used (as well as the structure itself), failed to meet various cited standards, codes, and regulations.

Upon such facts, the evidence so preponderated in favor of the plaintiffs that the verdict as to the common-law negligence cause of action could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875). Accordingly, the judgment must be modified with respect to the plaintiff's common-law negligence cause of action and a new trial held solely on that cause of action.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.