■ Ivy Black et al., Respondents, v City of New York et al., Appellants. [686 NYS2d 814] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant City of New York and the defendants John Petrullo and Max Goldman separately appeal (1) from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated August 8, 1997, which, upon a jury verdict, is (a) in favor of the plaintiff Ivy Black as administrator of the estate of Earl Black and against them in the principal sum of $250,000, (b) in favor of the plaintiff Ivy Black as administrator of the estate of Joy Black and against them in the principal sum of $250,000, (c) in favor of the plaintiff Ivy Black, individually, and against them in the principal sum of $4,300,000, and (d) in favor of the plaintiff Alvin Black, individually, and against them in the principal sum of $1,900,000, (2) as limited by their briefs, from so much of an order of the same court, dated December 30, 1997, as denied that branch of the defendants' motion which was to set aside the verdict in its entirety and granted the plaintiffs' motion for an award of attorneys' fees and expenses, and (3) an amended judgment of the same court, dated February 6, 1998, which, upon the order dated December 30, 1997, amended the judgment dated August 8, 1997, by reducing the verdict as to the damages awarded to Ivy Black, individually, from the principal sum of $4,300,000 to the principal sum of $3,550,000 and awarded the plaintiffs attorneys' fees and expenses in the aggregate amount of $417,628.55.

Ordered that the appeal from so much of the judgment as is in favor of the plaintiff Ivy Black, individually, and against the appellants in the principal sum of $4,300,000, is dismissed, as that portion of the judgment was superseded by the amended judgment; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as reviewed, and the amended judgment is reversed, on the law and the facts and as a matter of discretion, that branch of the defendants' motion which was to set aside the verdict in its entirety is granted, the plaintiffs' twelfth and thirteenth causes of action alleging a conspiracy to deprive the plaintiffs of their

access to the courts are dismissed, the award of attorneys' fees and expenses is vacated, so much of the judgment as is in favor of the plaintiff Ivy Black, individually, and against the appellants in the principal sum of $4,300,000 is vacated, the order is amended accordingly, and a new trial is granted on the remaining causes of action; and it is further,

Ordered that one bill of costs is awarded to abide the event of the new trial.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry thereon of the amended judgment in the action (*cf., Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

This matter involves the death of Earl Black following an altercation which began in his bedroom in the apartment he shared with his mother, the plaintiff Ivy Black, and his sister, Joy Black. The plaintiffs commenced this action against the City of New York and two of its police officers who responded to a call for police assistance to the decedent's apartment. Those police officers were responding to a call from the medical team which was present at the apartment as the result of an earlier call. After a jury trial, a verdict was returned in favor of the plaintiffs and against the City and the two officers.

The evidence adduced by the plaintiffs was insufficient as a matter of law to permit a jury to find that there was a conspiracy to attempt to deprive the plaintiffs of their day in court. At most, the evidence showed that the defendants' recollections of the events differed from those of the plaintiffs and their witnesses, and that there may have been some delay in turning over to the plaintiffs' attorney some of the items sought. However, even those items were turned over at least a year prior to the trial of this action. This evidence is insufficient, as a matter of law, to show the existence of any conspiracy on the part of, among others, the defendants, to attempt to deprive the plaintiffs of their right of access to the courts of this State (*see, Vasquez v Hernandez,* 60 F3d 325, *cert denied* 517 US 1156; *cf., Bell v City of Milwaukee,* 746 F2d 1205).

The Supreme Court erred in not setting aside the verdict and granting the defendants a new trial on the remaining causes of action on the ground that the verdict was against the weight of the evidence. A weight of the evidence analysis involves a balancing of many factors (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). A jury verdict should not be set

aside unless the jury could not have reached the verdict it did on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Here, the testimony of the defendants John Petrullo and Max Goldman, as well as that of Dr. Saul Gorman, the only three persons who were present where the altercation began in the bedroom, was to the effect that the decedent grabbed a knife from the top of a dresser in his room, started swinging it, and, while struggling with Dr. Gorman, slashed Dr. Gorman's face. There was also testimony that during the altercation, the decedent refused commands to drop the knife and continued on towards the defendant police officers with the knife in his hand. It must also be noted that at the time he testified, Dr. Gorman was not employed by any of the parties herein. Under such circumstances, a jury finding that the use of deadly force was not justified based on the testimony of the plaintiffs as well as that of Dr. Joseph Accetta, is against the weight of the evidence (*see generally, McCusker v Huben,* 253 AD2d 542; *Parten v Cheryl Lynn Auto Parts,* 247 AD2d 523).

In light of our determination herein, we need not reach the parties' remaining contentions. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.