(April 6, 2010)

■ PEDRO ACOSTA, Respondent, v CITY OF NEW YORK et al., Appellant. [898 NYS2d 601]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Starkey, J.), dated December 18, 2008, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against them and for judgment as a matter of law or, alternatively, to set aside the jury verdict as against the weight of the evidence and for a new trial, and granted their separate motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages only to the extent of ordering a new trial unless the plaintiff stipulated to reduce the damages award for future pain and suffering to the principal sum of $325,000, and (2) a judgment of the same court dated February 5, 2009, which, upon the order and upon the plaintiff's stipulation, is in favor of the plaintiff and against them in the principal sum of $480,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law is granted, the defendants' separate motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages is denied as academic, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." A court may set aside a jury verdict as unsupported by legally sufficient evidence only if there is " 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis

of the evidence presented at trial' " (*Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Contrary to the plaintiff's contention, viewing the facts in the light most favorable to him, there was no valid line of reasoning and permissible inferences which could possibly have led rational individuals to conclude, based upon the evidence presented, that the defendants were liable. In sum, the plaintiff's version of the events was "manifestly untrue, physically impossible, or contrary to common experience, and such testimony should be disregarded as being without evidentiary value" (*Cruz v New York City Tr. Auth.*, 31 AD3d 688, 690 [2006], *affd* 8 NY3d 825 [2007]). We note that the record is replete with instances where the testimony and other evidence adduced by the plaintiff was manifestly untrue and tailored to avoid the consequences of previous statements made by him to disinterested nonparty witnesses. Accordingly, the Supreme Court should have granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law.

In light of our determination, the parties' remaining contentions are academic. Rivera, J.P., Leventhal, Belen and Sgroi, JJ., concur. **[Prior Case History: 21 Misc 3d 1147(A), 2008 NY Slip Op 52527(U).]**