■ GINA CARRARA et al., Appellants, v MARY ANN KELLY et al., Respondents. (Action No. 1.) JOHN M. STANTON et al., Respondents, v GINA CARRARA et al., Appellants. (Action No. 2.) [902 NYS2d 619]—

In related actions, inter alia, to recover damages for private nuisance, which were joined for trial, Gina Carrara and Kevin Carrara appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Sweeney, J.), dated September 15, 2008, as, upon a jury verdict finding that they committed injurious falsehood and trespass, is in favor of John M. Stanton and Mary Ann Kelly and against them in ac-

tion No. 2 in the principal sum of $31,200 for injurious falsehood and awarding John M. Stanton and Mary Ann Kelly injunctive relief on their counterclaim in action No. 1 sounding in trespass, and (2) from an order of the same court dated December 8, 2008, which denied Kevin Carrara's motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law or, alternatively, to set aside the jury verdict as against the weight of the evidence and for a new trial.

Ordered that the appeal by Gina Carrara from the order dated December 8, 2008, is dismissed, without costs or disbursements, as she is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law and on the facts, by deleting the provision thereof in favor of John M. Stanton and Mary Ann Kelly and against Gina Carrara and Kevin Carrara in the principal sum of $31,200 in action No. 2, and substituting therefor a provision severing the cause of action asserted by John M. Stanton and Mary Ann Kelly to recover damages for injurious falsehood in action No. 2; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on that cause of action; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

"When weight of evidence is the issue, a verdict for the plaintiff may not be disregarded unless the evidence so preponderates in favor of the defendant that it could not have been reached on any fair interpretation of the evidence" (Moffatt v Moffatt, 86 AD2d 864 [1982], affd 62 NY2d 875 [1984] [internal quotation marks omitted]; see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 133-134 [1985]).

"A person who utters a false and misleading statement harmful to the interests of another may be held liable for damages resulting therefrom if (1) it is uttered or published maliciously and with the intent to harm another or done recklessly and without regard to its consequences, and (2) a reasonably prudent person would or should anticipate that damage to another will naturally flow therefrom" (L.W.C. Agency v St. Paul Fire & Mar. Ins. Co., 125 AD2d 371, 373 [1986]; see Gilliam v Richard M. Greenspan, P.C., 17 AD3d 634 [2005]; Penn-Ohio Steel Corp. v Allis-Chalmers Mfg. Co., 7 AD2d 441, 444 [1959]; Restatement [Second] of Torts § 623A).

Here, the gravamen of the challenged statements made by the

appellant Kevin Carrara to the United States Corps of Engineers, the New York State Department of Environmental Conservation, and the Town of Islip was that John M. Stanton and Mary Ann Kelly (hereinafter the respondents) never obtained the proper permits for the installation and/or renovation of the structures on their dock. In turn, the respondents did not carry their burden of demonstrating the falsity of these statements (*see* Kreindler, New York Law of Torts § 3:4, 3:6 [14 West's NY Prac Series 1997]; Restatement [Second] of Torts § 623A; Prosser and Keeton, Torts § 128, at 967 [5th ed]). Additionally, in response to the challenged statement that the respondents are "only looking to make money operating a comercial [*sic*] boat marina from a residential house," John M. Stanton a homeowner, conceded that since at least 1999 he has charged a fee to, and received cash from, nonresident boat owners who wish to dock their boats at his dock. Consequently, the jury verdict finding that the appellants committed an injurious falsehood upon the respondents was not based on a fair interpretation of the evidence (*see Moffatt v Moffatt*, 86 AD2d at 864).

In light of the new trial on the cause of action to recover damages for injurious falsehood, the particularity requirement of that cause of action should be included in the charge to the jury (*see BCRE 230 Riverside LLC v Fuchs*, 59 AD3d 282, 283 [2009]; *Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352 [2004]).

The appellants' remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in light of our determination. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.