SECOND DEPARTMENT, MAY, 2011

(May 3, 2011)

■ PEDRO ACOSTA, Respondent, v CITY OF NEW YORK et al., Appellants. [921 NYS2d 644]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Starkey, J.), dated December 18, 2008, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability, with respect to so much of the complaint as sought to recover damages for battery stemming from an incident in which the plaintiff was allegedly pushed from a garage roof, in favor of the plaintiff and against them and for judgment as a matter of law or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and granted their separate motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages only to the extent of ordering a new trial unless the plaintiff stipulated to reduce the damages award for future pain and suffering to the principal sum of $325,000, and (2) a judgment of the same court dated February 5, 2009, which, upon the order and upon the plaintiff's stipulation, is in favor of the plaintiff and against them in the principal sum of $480,000. By

decision and order dated April 6, 2010, among other things, this Court reversed the judgment of the Supreme Court, and granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law (*see Acosta v City of New York*, 72 AD3d 624 [2010]). In a memorandum decision dated October 26, 2010, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court to determine "whether the jury's verdict is in accord with the weight of the evidence and, if so, whether the amount of damages awarded by the jury was excessive" (*Acosta v City of New York*, 15 NY3d 881, 882 [2010]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that, upon remittitur from the Court of Appeals, the judgment is reversed, on the facts and in the exercise of discretion, that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability with respect to so much of the complaint as sought to recover damages for battery stemming from an incident in which the plaintiff was allegedly pushed from a garage roof, and, if liability is found, for a new trial on the issue of damages for future pain and suffering unless, within 30 days after service upon the plaintiff of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict as to damages for future pain and suffering from the principal sum of $325,000 to the principal sum of $280,000; in the event that the plaintiff so stipulates, then the jury's findings of fact as to damages for future pain and suffering, as so reduced and amended, are affirmed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for personal injuries alleging that, following a pursuit, he was injured after a New York City police officer pushed him from the roof of a garage, and after another officer pushed him against a fence. Following the trial, a jury rendered a verdict in favor of the plaintiff with respect to so much of the complaint

as sought to recover damages for battery stemming from the incident in which the plaintiff was allegedly pushed from the garage roof. The jury found for the defendants with respect to so much of the complaint as sought to recover damages for battery based on the incident in which a police officer allegedly pushed the plaintiff against a fence. Thereafter, the defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in favor of the plaintiff and for judgment as a matter of law, or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The defendants also moved to set aside the damages award as excessive. The Supreme Court granted the defendants' motion to set aside the verdict on the issue of damages only to the extent of ordering a new trial unless the plaintiff stipulated to reduce the damages award for future pain and suffering to the principal sum of $325,000, and entered judgment in favor of the plaintiff. The defendants appealed, contending, among other things, that the jury verdict as to liability should have been set aside as a matter of law, or as contrary to the weight of the evidence. By decision and order dated April 6, 2010, this Court, inter alia, reversed the judgment and granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for a judgment as a matter of law (*see Acosta v City of New York*, 72 AD3d 624 [2010]). In a memorandum decision dated October 26, 2010, the Court of Appeals reversed and remitted the matter to this Court to determine "whether the jury's verdict is in accord with the weight of the evidence and, if so, whether the amount of damages awarded by the jury was excessive" (*Acosta v City of New York*, 15 NY3d 881, 882 [2010]).

A jury verdict in favor of a plaintiff should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the defendant that the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). In making this determination, the Court must proceed with considerable caution, "for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d at 133). Generally, "[f]act finding is the province of the jury," whose ability to see and hear the witnesses should be accorded deference (*id.* at 133-134).

The Court of Appeals determined that this Court erred in setting aside, as a matter of law, the verdict in favor of the plaintiff because a valid line of reasoning existed based on the record evidence to support that verdict (*see Acosta v City of New York*, 15 NY3d 881 [2010]). However, based on a discretionary balancing of relevant factors (*see Cohen v Hallmark Cards*, 45 NY2d at 499), we find that the verdict in the plaintiff's favor was contrary to the weight of the evidence and must be set aside. The evidence so preponderated in favor of the defendants that the jury verdict in favor of the plaintiff could not have been reached based on any fair interpretation of the credible evidence (*see Carrara v Kelly*, 74 AD3d 719, 721 [2010]; *Nicastro v Park*, 113 AD2d at 137-138; *cf. McCusker v Huben*, 253 AD2d 542 [1998]; *Moffatt v Moffatt*, 86 AD2d 864 [1982], *affd* 62 NY2d 875 [1984]). Accordingly, we reverse the judgment, grant that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability with respect to so much of the complaint as sought to recover damages for battery stemming from the incident in which the plaintiff was allegedly pushed from the garage roof.

In addition, as the defendants contend, under the circumstances herein, the jury's award of damages for future pain and suffering, as reduced by the Supreme Court, deviated materially from what would be reasonable compensation, to the extent indicated (*see* CPLR 5501 [c]; *Alvarado v City of New York*, 287 AD2d 296 [2001]; *Lemberger v City of New York*, 211 AD2d 622, 623 [1995]; *see also Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 275 AD2d 387 [2000]). Accordingly, in the event that liability is found after a retrial, we direct a new trial on the issue of damages for future pain and suffering, unless the plaintiff stipulates to reduce the verdict as set forth herein. Rivera, J.P., Leventhal, Belen and Sgroi, JJ., concur. **[Prior Case History: 21 Misc 3d 1147(A), 2008 NY Slip Op 52527(U).]**