Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered March 14, 2012, convicting him of criminal possession of a weapon in the second degree and violation of Traffic Rules and Regulations of City of New York (34 RCNY) § 4-12 (i) (sounding the horn of a vehicle without danger present), upon a jury verdict, and sentencing him to a determinate term of six years imprisonment followed by a period of postrelease supervision of five years. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of six years imprisonment followed by a period of postrelease supervision of five years to a determinate term of 4V2 years imprisonment followed by a period of post-release supervision of three years; as so modified, the judgment is affirmed.
“The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record” (People v Hobson, 111 AD3d 958, 959 [2013]; see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Washington, 108 AD3d 578, 579 [2013]; People v Condon 100 AD3d 920, 920 [2012]). Here, the record supports the Supreme Court’s determination to credit the arresting officer’s testimony that he *970 observed, in plain view and from his vantage point outside the driver’s door, the butt of a handgun protruding from the crevice between the driver’s seat and the center console inside the vehicle in question. Contrary to the defendant’s contention, the officer’s testimony was not incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief (see People v Dunbar, 104 AD3d 198, 216 [2013]; People v Spann, 82 AD3d 1013, 1014 [2011]; People v James, 19 AD3d 617, 618 [2005]).
The sentence imposed was excessive to the extent indicated herein.
Dickerson, J.E, Leventhal, Hall and Lott, JJ., concur.