People v Martinez (2020 NY Slip Op 01084)





People v Martinez


2020 NY Slip Op 01084


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-03608
 (Ind. No. 2507/15)

[*1]The People of the State of New York, respondent,
v
Mathew H. Martinez, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher and White & Case LLP [John Chung and Michelle Lee] of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered March 24, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that the hearing court should have granted those branches of his omnibus motion which were to suppress physical evidence and his statement to law enforcement officials. Contrary to the defendant's contention, however, the testimony of a police officer at the suppression hearing that he was able to discern that the defendant had a gun on his person as the defendant lifted his shirt to adjust his waistband while crossing a lit street was not incredible as a matter of law or patently tailored to meet constitutional objections (see People v Jarvis, 117 AD3d 969, 970; People v Dunbar, 104 AD3d 198, 216). Further, the testimony presented a credibility question for the hearing court, which determination is entitled to great deference on appeal (see People v Prochilo, 41 NY2d 759, 761; People v Dunbar, 104 AD3d at 216), and we discern no basis on this record to disturb that determination in the exercise of our factual review power.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, [*2]7 NY3d 633). Contrary to the defendant's contention, his conduct was not consistent with innocent possession of the gun (see People v Sooknanan, 92 AD3d 810; People v Ortiz, 172 AD2d 696).
Contrary to the defendant's further contention, he was not deprived of a fair trial by the admission of the arresting officer's testimony about his military training, which included exercises to spot objects at night through trees. This evidence was relevant to the officer's ability to observe and perceive the subject gun, and was not unduly prejudicial (see People v Robles, 110 AD2d 916, affd 65 NY2d 1045).
The defendant's remaining contention is without merit.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court