Moore v City of New York (2021 NY Slip Op 04483)





Moore v City of New York


2021 NY Slip Op 04483


Decided on July 21, 2021


Appellate Division, Second Department


Barros, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05902
 (Index No. 707034/16)

[*1]Barbara Moore, appellant,
v
City of New York, et al., respondents.



APPEAL by the plaintiff, in an action to recover damages for personal injuries, from a judgment of the Supreme Court (Salvatore J. Modica, J.), entered April 24, 2019, in Queens County. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.



Scott Baron & Associates, P.C., Howard Beach, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Melanie T. West and Zachary S. Shapiro of counsel), for respondents.



BARROS, J.


OPINION & ORDER
In this personal injury action arising from a collision between a truck and a bicyclist, where evidence was presented at trial that the defendant truck driver first signaled an intention to turn while stopped at a red light and then, while turning, struck the plaintiff bicyclist, we hold that the Supreme Court erred in refusing to instruct the jury that the truck driver was required to have continuously signaled an intention to turn during not less than the last 100 feet the truck traveled before turning, in accordance with Vehicle and Traffic Law § 1163(b). We reject the defendants' contention that a vehicle stopped at a traffic light is "parked" such that it is only required under Vehicle and Traffic Law § 1163(d) to signal its movement without the need to do so continuously 100 feet before turning.
The plaintiff alleges that, as she was riding her bicycle, she sustained serious personal injuries when she was struck by a truck owned by the defendant City of New York and operated by the defendant Marvin Murphy. At trial, the plaintiff testified that she was riding on 103rd Avenue, which had one lane of travel in her direction, toward the intersection with Woodhaven Boulevard. As she approached the intersection, the traffic light was red. She stopped her bicycle alongside the defendants' truck. As she approached the truck, the truck did not have a turn signal activated. When the light turned green, the plaintiff proceeded straight, and the truck made a right turn, striking her and running her over.
Murphy testified that his truck was the first vehicle stopped at the red light on 103rd Avenue at the intersection. His truck was stopped for approximately one minute, and when the light was about to turn green, he activated his right-turn signal. Before making the turn, he checked all of his mirrors and determined that the intersection was clear. When the light turned green, he proceeded slowly and made a wide right turn onto Woodhaven Boulevard. He never saw the plaintiff before turning, and he denied that his truck ever struck the plaintiff or her bicycle.
In its charge to the jury, the Supreme Court instructed that Murphy "was required under the Vehicle and Traffic Law to signal his intention to turn," but that, "[c]ontrary to what you might have heard during the trial he was, however, not required to signal at least 100 feet before turning his vehicle." The court further instructed that Murphy was "required to put the plaintiff on [*2]reasonable notice that he intended to make a right-hand turn." At the conclusion of the liability phase of the bifurcated trial, the jury found that Murphy was not negligent. A judgment was subsequently entered in favor of the defendants dismissing the complaint, and the plaintiff now appeals therefrom. We reverse.
Courts are "obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words" (People v Finnegan, 85 NY2d 53, 58 [alterations and internal quotation marks omitted]; see Beck Chevrolet Co., Inc. v General Motors LLC, 27 NY3d 379, 390; Riley v County of Broome, 95 NY2d 455, 463).
Vehicle and Traffic Law § 1163(b) provides that "[a] signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." Under Vehicle and Traffic § 1163(a), Murphy was required to signal his intention to turn right at the subject intersection. Thus, since a signal of intention to turn was required, the clear and unambiguous words used in Vehicle and Traffic Law § 1163(b) also required Murphy to give such signal "continuously during not less than the last one hundred feet" that he traveled before making the turn. The provision makes no exception for vehicles that are stopped at a red traffic light (see Vehicle and Traffic Law § 1111[d]).
Contrary to the Supreme Court's determination, Vehicle and Traffic Law § 1163(d), which applies, inter alia, to vehicles moving from a parked position, and which does not require a vehicle to signal its turn 100 feet before making it, is inapplicable. Murphy's truck was not parked within the meaning of "park or parking" under Vehicle and Traffic Law § 129. Rather, it was stopped at a red light (see Vehicle and Traffic Law § 1111[d]; see also Vehicle and Traffic Law §§ 146, 147). To the extent that People v Brandt (60 Misc 3d 956, 961 [Poughkeepsie City Ct]) holds otherwise, we overrule it.
The precise and specific duty established in Vehicle and Traffic Law § 1163(b) bore directly on the facts to which the parties testified, and, therefore, the Supreme Court erred in refusing to give that charge (see Green v Downs, 27 NY2d 205, 207; Collazo v Metropolitan Suburban Bus Auth., 68 AD3d 803, 804; Ciatto v Lieberman, 266 AD2d 494). The statute establishes a standard of care, the unexcused violation of which is negligence per se (see Martin v Herzog, 228 NY 164, 168; Collazo v Metropolitan Suburban Bus Auth., 68 AD3d 803; Coogan v Torrisi, 47 AD3d 669). Since the jury determined that Murphy was not negligent without being instructed on the applicable statutory standard of care (see PJI 2:26), the judgment must be reversed.
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the judgment is reversed, on the law, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
DILLON, J.P., MILLER and CONNOLLY, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
ENTER:
Aprilanne Agostino
Clerk of the Court