People v Baez (2022 NY Slip Op 01170)





People v Baez


2022 NY Slip Op 01170


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2017-02587
2020-06459
 (Ind. No. 326/14)

[*1]The People of the State of New York, respondent,
v
Melvin Baez, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered February 16, 2017, convicting him of criminal possession of a controlled substance in the fourth degree and using a portable electronic device while operating a motor vehicle, after a nonjury trial, and imposing sentence, and (2), by permission, from an order of the same court, dated February 25, 2020, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal from the judgment brings up for review the denial, after a hearing (Joseph Zayas, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment and the order are affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the chain of custody of certain drugs after they were recovered and vouchered into police custody. The testimony of the police witnesses provided "'reasonable assurances of the identity and unchanged condition' of the evidence" (People v Julian, 41 NY2d 340, 343, quoting Amaro v City of New York, 40 NY2d 30, 35; see People v McClary, 107 AD3d 744). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177; see People v Wheeler, 2 NY3d 370, 374). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has [*2]occurred" (Whren v United States, 517 US 806, 810; see People v Robinson, 97 NY2d 341, 348-349; People v Watson, 163 AD3d 855, 857). Here, the court credited the arresting officer's testimony that he observed the defendant operating a motor vehicle while using a cellular phone, which justified the stop of the vehicle for the commission of a traffic infraction (see Vehicle and Traffic Law § 1225-d; see also People v Robinson, 97 NY2d at 349; People v Watson, 163 AD3d at 857; People v Patron, 141 AD3d 545, 545). On this record, we discern no basis to disturb that determination in the exercise of our factual review power. Moreover, the arresting officer's observations that the vehicle's interior smelled of marijuana, and that the defendant had bloodshot, watery eyes, slurred his speech, admitted to having recently smoked marijuana, and, after he left the vehicle, was unsteady on his feet, gave probable cause to place the defendant under arrest for a violation of Vehicle and Traffic Law section 1192 (see People v Tieman, 132 AD3d 703, 703; People v Blajeski, 125 AD2d 582, 582-583), and to conduct the ensuing search of his person (see People v Smith, 59 NY2d 454, 458; People v Valentine, 220 AD2d 708, 709). Contrary to the defendant's contention, the hearing testimony of the police officers was not manifestly incredible or patently tailored to nullify constitutional objections (see People v Martinez, 180 AD3d 809, 810; People v Jarvis, 117 AD3d 969, 970). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress the drugs recovered from his person following a search incidental to the arrest, and his statements to the police officer following his arrest.
The prosecutor was not obligated to present evidence to the grand jury that the defendant now claims to be favorable to the defense, as such evidence was not entirely exculpatory and would not have materially influenced the grand jury's investigation (see People v Nunez-Garcia, 178 AD3d 1087, 1089; People v Arevalo, 172 AD3d 891, 892).
Contrary to the defendant's contention, the record, as a whole, demonstrates that the defendant's decision to waive his right to counsel and to proceed pro se was unequivocal, knowing, voluntary, and intelligent (see People v Crampe, 17 NY3d 469 481-482; People v Ball, 162 AD3d 680, 681; People v Sutton, 161 AD3d 783, 783-784). The Supreme Court adequately warned the defendant of the risk inherent in proceeding pro se, and apprised him of the singular importance of the lawyer in the adversarial system of adjudication (see People v Crampe, 17 NY3d at 483; People v Ball, 162 AD3d at 681; People v Wright, 152 AD3d 801, 802).
The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see CPL 470.05[2]; People v Williams, 149 AD3d 986; People v Pazmini, 132 AD3d 1015). In any event, the record does not support the defendant's contention that the waiver was invalid. The defendant executed a written waiver in open court after allocution by the Supreme Court, the court approved the waiver, and the circumstances surrounding the waiver supported the court's determination that the waiver was made knowingly, voluntarily, and intelligently (see People v Williams, 149 AD3d at 986; People v Pazmini, 132 AD3d at 1015).
The defendant's claim of ineffective assistance of counsel raised in his motion pursuant to CPL 440.10 was based on unsubstantiated and conclusory allegations. Thus, the Supreme Court properly denied the defendant's motion without a hearing (see People v Campbell, 148 AD3d 821, 822).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court