People v Wilson (2022 NY Slip Op 07249)

People v Wilson

2022 NY Slip Op 07249

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-12535
 (Ind. No. 6639/16)

[*1]The People of the State of New York, respondent,
v
Rashaan Wilson, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered September 25, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Guy J. Mangano, Jr., J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which failed to specify any particular error (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492; People v Smiley, 73 AD3d 1096, 1097). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, the Supreme Court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "[W]ith its peculiar advantages of having seen and heard the testimony," a suppression court's determination as to the credibility of the witnesses is entitled to great deference on appeal (People v Wheeler, 2 NY3d 370, 374 [internal quotation marks and citation omitted]; see People v Celestine, 208 AD3d 509; People v Baez, 202 AD3d 1102, 1103). Here, the record supports the court's determination to credit the testimony of the police officers at the suppression hearing. Contrary to the defendant's contention, the police officers' testimony was not incredible as a matter of law. Any inconsistencies in the police officers' testimony did not establish that the [*2]testimony was tailored to nullify constitutional objections and did not render the testimony incredible or unreliable (see People v Celestine, 208 AD3d at 509-510; People v Barnes, 129 AD3d 981, 982; People v Sam, 164 AD3d 1379, 1380).
The defendant's contentions that he was deprived of a fair trial as a result of certain remarks made by the prosecutor and by the Supreme Court's handling of a jury note are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court