People v Mickens (2023 NY Slip Op 01210)

People v Mickens

2023 NY Slip Op 01210

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

111835
[*1]The People of the State of New York, Respondent,
v
Robert W. Mickens, Appellant.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Jeffrey R. Parry, Oneida, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John D. Kelley of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered April 22, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In July 2018, a police officer observed a man, who was later identified as defendant, walking in the roadway in the City of Elmira, Chemung County. The officer also observed a vehicle in a nearby area that is known for the sale of narcotics. The vehicle eventually traveled in the officer's direction; the officer followed the vehicle, which came to a complete stop at an intersection with a stop sign, then initiated its left-hand turn signal and proceeded to turn left in violation of Vehicle and Traffic Law § 1163 (b). The officer then conducted a traffic stop of the vehicle and observed defendant as a passenger. During a consensual search of the vehicle, the officer found a black semi-automatic handgun underneath the passenger seat, which led to defendant's arrest. Defendant was thereafter charged by indictment with one count each of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Defendant thereafter moved to suppress the weapon as the result of an illegal search and seizure. After the ensuing suppressionhearing, County Court ultimately denied the motion to suppress on the basis that the officer had probable cause to initiate the traffic stop after observing a violation of Vehicle and Traffic Law § 1163 (b). Defendant thereafter pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the indictment.[FN1] In accordance with the plea agreement, defendant was sentenced, as a second violent felony offender, to a prison term of seven years to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that Vehicle and Traffic Law § 1163 (b) only applies to a vehicle in continuous motion and not a vehicle already at a complete stop when the driver signals to turn and, as such, the officer did not have probable cause to effectuate a stop, rendering the stop illegal and the gun found inside of the vehicle fruit of the illegal stop. However, whether or not Vehicle and Traffic Law § 1163 (b) applies to, as relevant here, a vehicle that has come to a complete stop at a stop sign is not the issue to be decided when determining whether the officer had probable cause to stop the vehicle in which defendant was a passenger. Rather, to determine whether the officer had probable cause to stop the vehicle, the issue is "whether the officer's belief that defendant violated the Vehicle and Traffic Law . . . was objectively reasonable" (People v Pena, 36 NY3d 978, 979 [2020, Stein, Fahey and Garcia, JJ., concurring]; see People v Guthrie, 25 NY3d 130, 134, 136 [2015]).
Here, the officer's interpretation of the Vehicle and Traffic Law was objectively reasonable. Pursuant to Vehicle and Traffic Law § 1163 (b), "[a] signal [*2]of intention to turn right or left when required shall be given continuously during not less than the last [100] feet traveled by the vehicle before turning." This statute can "reasonably be read" to require that all motorists, regardless of whether they are stopping at a stop sign, activate their turn signal not less than 100 feet prior to making the turn (People v Pena, 36 NY3d at 980 [Stein, Fahey and Garcia, JJ., concurring]; see generally Moore v City of New York, 197 AD3d 93, 95 [2d Dept 2021]). Notably, "[e]ven assuming the officer was in fact mistaken on the law, it was nevertheless objectively reasonable to conclude that" the driver's failure to signal at least 100 feet prior to making the turn violated the Vehicle and Traffic Law (People v Pena, 36 NY3d at 980 [Stein, Fahey and Garcia, JJ., concurring]; see People v Guthrie, 25 NY3d at 140). Thus, even if the officer's interpretation of the law was incorrect, because his interpretation was objectively reasonable, the stop of the vehicle in which defendant was a passenger was justified by probable cause (see People v Pena, 36 NY3d at 980-981 [Stein, Fahey and Garcia, JJ., concurring]). We have examined defendant's remaining contentions and find them to be without merit.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The plea agreement did not encompass an appeal waiver.