*Jimenez v. City of Cohoes Police Dep't*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-four.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

DAYVID JIMENEZ,

>                    *Plaintiff-Appellant*,

>            v.                                                     No. 23-955

CITY OF COHOES POLICE DEPARTMENT, OFFICER J. MURPHY, Badge (1544) City of Cohoes Police Officer in Official Capacity, OFFICER: JOHN DOE 1, City of Cohoes Police Officer in Official Capacity, OFFICER: JOHN DOE 2, Superior Officer at the Scene in Official Capacity,

>                    *Defendants-Appellees*.

_____

**For Plaintiff-Appellant:**                     Dayvid Jimenez, *pro se*,
                                                 Batavia, NY.

**For Defendants-Appellees:**                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Dayvid Jimenez, proceeding *pro se*, appeals the district court's May 22, 2023 judgment dismissing his claims brought pursuant to 42 U.S.C. § 1983 following his arrest after a traffic stop. Jimenez alleges that the City of Cohoes Police Department and three of its officers violated his constitutional rights when, after stopping him for failing to properly signal, the officers detained him based on an immigration warrant, searched his car, and transferred him to United States Immigration and Customs Enforcement ("ICE") custody. After considering Jimenez's proposed amended complaint, the district court dismissed his claims *sua sponte* under 28 U.S.C. § 1915(e)(2), concluding that (1) he failed to sufficiently plead municipal liability, (2) the officer's decision to pull him over was objectively reasonable, and (3) the responding officers had probable cause to arrest him based

on the warrant. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review *de novo* a court's decision to dismiss an action under 28 U.S.C. § 1915(e)(2) for failure to state a claim, applying the familiar standard from Federal Rule of Civil Procedure 12(b)(6) and asking whether the complaint, construed liberally and with all reasonable inferences drawn in Jimenez's favor, states a facially plausible claim to relief. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. Initial Stop

The district court did not err in concluding that Jimenez failed to state a section 1983 claim based on the vehicle stop. It is apparent "on the face of the complaint" – to which Jimenez attached the sworn statement of the police officer who stopped him – that the officer observed Jimenez commit a traffic violation. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Because the officer had reasonable suspicion that Jimenez committed a traffic violation, the

3

subsequent traffic stop did not violate Jimenez's rights under the Fourth Amendment. *See United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009) ("[T]he reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop.").

Jimenez has not pleaded facts that would suggest the officer lacked reasonable suspicion of a traffic violation. Under New York law, "[a] signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." N.Y. Veh. & Traf. Law ("VTL") § 1163(b). As the district court explained, while Jimenez alleged in his complaint that he was "positive" he had his turn signal on as he was approaching the stop sign, he has not asserted that he signaled for the full 100 feet required by section 1163(b), which was the basis of the violation. App'x at 18. Jimenez has therefore failed to state a plausible claim that the officer lacked a lawful basis to stop him.[1] *See Iqbal*, 556 U.S. at 678 (plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

---

[1] Jimenez argues for the first time on appeal that, notwithstanding the clear language of section 1163(b), the 100-feet-of-signaling rule does not apply to a vehicle making a turn from a stop sign, since such a vehicle is making a turn "from a parked position" and is therefore subject to different rules. Jimenez Br. at 23–28. Jimenez did not raise this argument in his objection to the magistrate judge's Report and Recommendation, so the argument is forfeited. *See United States v. Keshner*, 794 F.3d 232, 234 (2d Cir. 2015) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alterations and internal

4

Jimenez's further allegations that the officer stopped him on account of his race are irrelevant to his Fourth Amendment claim because once the officer observed a traffic violation, he was permitted to stop the vehicle "without regard to the officer's own subjective intent." *United States v. Dhinsa*, 171 F.3d 721, 724 (2d Cir. 1998); *see also Hudson v. New York City*, 271 F.3d 62, 68 (2d Cir. 2001) ("As in other Fourth Amendment contexts, the reasonableness inquiry is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (alterations and internal quotation marks omitted)).

## II.    Arrest

After stopping Jimenez's car and discovering that he had an outstanding immigration warrant, the officers took him into custody and then handed him over to ICE officials. Although we have not had occasion to address the issue, there is disagreement among our sister circuits as to whether an administrative warrant

---

quotation marks omitted)). Moreover, the case Jimenez relies on for his argument was expressly overruled on the grounds for which he cites it. *See Moore v. City of New York*, 151 N.Y.S.3d 682, 684 (2d Dep't 2021) (overruling *People v. Brandt*, 81 N.Y.S.3d 880 (N.Y. City Ct. 2018), because a vehicle turning from a red light is *not* "parked" and therefore *is* subject to the 100-feet-of-signaling rule).

issued by the Department of Homeland Security provides probable cause under the Fourth Amendment for local law enforcement officers to effectuate an arrest.[2] We need not decide that issue here, however, since Jimenez's own submissions reflect that the officers found that he was driving with an expired license and, as discussed above, had not properly signaled. The officers therefore had probable cause to arrest him on either of those violations. *See* VTL § 509; *see, e.g., People v. Miller*, 539 N.Y.S.2d 809, 812 (2d Dep't 1989) ("[B]ased on the defendant's failure to produce a driver's license and his admission that he was operating the car, an arrest of the defendant for driving without a license was . . . warranted." (citing

---

[2] The Fifth Circuit has concluded that the Fourth Amendment does not require probable cause of criminality to detain someone for an immigration offense, and that an ICE detainer – at least when accompanied by an administrative warrant – both authorizes local law enforcement to detain and gives them probable cause to do so under the collective-knowledge doctrine. *See City of El Cenizo v. Texas*, 890 F.3d 164, 187, 188 n.22 (5th Cir. 2018). Similarly, the Eighth Circuit has held that local officials are entitled to rely on an ICE official's probable-cause determination in a detainer and are therefore entitled to qualified immunity if the detention turns out to be erroneous. *See Mendoza v. U.S. Immigr. & Customs Enf't*, 849 F.3d 408, 419 (8th Cir. 2017). And the Ninth Circuit reversed a district court's conclusion that ICE violates the Fourth Amendment by issuing detainers to state and local law enforcement agencies in states that do not authorize civil immigration arrests; the court was presented with the question of whether probable cause may be imputed to state or local officers who act pursuant to an ICE detainer, but it ultimately remanded the case for consideration first of whether the ICE detainer database was sufficiently reliable to establish probable cause at all. *See Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 801, 818 & n.23, 819–24 (9th Cir. 2020). By contrast, the Fourth Circuit has held that, after *Arizona v. United States*, 567 U.S. 387, 410 (2012), state and local law enforcement officers violate the Fourth Amendment when they detain someone on the basis of a civil immigration warrant absent ICE's express authorization or direction, reasoning that civil immigration offenses are not crimes and therefore cannot by themselves give an officer probable cause to believe that an individual is engaged in criminal activity. *See Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 465–68 (4th Cir. 2013).

VTL § 509)); *United States v. Scopo*, 19 F.3d 777, 782 (2d Cir. 1994) (concluding that officers had "probable cause to stop and arrest" an individual since they "directly observed him violating the traffic laws by not signal[]ing lane changes"); *United States v. Bernacet*, 724 F.3d 269, 277 (2d Cir. 2013) (noting that Supreme Court has held that "minor misdemeanors and traffic offenses" "can constitutionally support an arrest"); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (finding no Fourth Amendment violation because officer had probable cause to arrest driver after observing she was not wearing seatbelt).

That the officers may have told Jimenez that the reason they were arresting him was the outstanding warrant is of no moment. "The existence of probable cause to arrest – even for a crime other than the one identified by the arresting officer – will defeat a claim of false arrest under the Fourth Amendment." *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016). Because damages from a false-arrest claim arise from the detention itself, "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).

Finally, for purposes of the Fourth Amendment, the arrest need not have been authorized under state law. *See Bernacet*, 724 F.3d at 277 (explaining that legality of arrest under state law does not "inform[] the constitutional inquiry"). Indeed, the Supreme Court has held that the Fourth Amendment does not forbid a warrantless arrest for a minor offense, even where the offense is not an "arrestable offense" under state law. *Virginia v. Moore*, 553 U.S. 164, 167 (2008); *see id.* at 176 ("[S]tate restrictions [on arrest] do not alter the Fourth Amendment's protections."); *United States v. Wilson*, 699 F.3d 235, 243 (2d Cir. 2012) (explaining that Fourth Amendment does not "generally incorporate local statutory or regulatory restrictions on seizures," and violation of state restrictions "will not generally affect the constitutionality of a seizure supported by probable cause").

Because the traffic violation and offense of driving without a license gave the officers probable cause to arrest Jimenez, he has failed to plead a false-arrest claim.

### III.   Vehicle Search

Finally, Jimenez alleges that the officers illegally searched his vehicle prior to it being towed.   But "[t]he Supreme Court has long recognized that when police take a vehicle into custody, they may search the vehicle and make an inventory of

8

its contents without need for a search warrant and without regard to whether there is probable cause to suspect that the vehicle contains contraband or evidence of criminal conduct." *United States v. Williams*, 930 F.3d 44, 53 (2d Cir. 2019) (internal quotation marks omitted). Jimenez has not pleaded that the officers' conduct – searching the front and back seats and the trunk after they had told Jimenez that his passenger would not be able to drive the car home – is inconsistent with an inventory search. *See Colorado v. Bertine*, 479 U.S. 367, 374 (1987) (holding that reasonable inventory search regulations administered in good faith satisfy the Fourth Amendment); *United States v. Williams*, 930 F.3d 44, 54 (2d Cir. 2019) (noting that inventory searches must be performed using standardized criteria or established routine). We therefore conclude that he has failed to state a section 1983 claim on the basis of the vehicle search.

*     *     *

We have considered Jimenez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court