People v Ford (2024 NY Slip Op 06359)

People v Ford

2024 NY Slip Op 06359

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-03411
 (Ind. No. 20/18)

[*1]The People of the State of New York, respondent,
v
Tyrone Ford, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered March 2, 2020, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and aggravated unlicensed operation of a motor vehicle in the third degree, after a nonjury trial, and sentencing him, as a second felony drug offender with a prior violent felony conviction, to a determinate term of imprisonment of 10 years, to be followed by 3 years of postrelease supervision, on the conviction of criminal possession of a controlled substance in the third degree a determinate term of imprisonment of 6 years, to be followed by 3 years of postrelease supervision, on the conviction of criminal possession of a controlled substance in the fourth degree, and a definite sentence of imprisonment of 10 days on the conviction of aggravated unlicensed operation of a motor vehicle in the third degree, to run concurrently with each other and consecutively to the sentences imposed on the defendant's prior convictions under Indictment No. 506/18.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with the sentences imposed on the defendant's prior convictions under Indictment No. 506/18; as so modified, the judgment is affirmed.
The defendant was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16[1]), criminal possession of a controlled substance in the fourth degree (id. § 220.09[1]), and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511[1][a]). At trial, the Supreme Court allowed the People to elicit testimony from certain witnesses regarding four cell phones that were found in the defendant's car during his arrest. The court further permitted an NYPD detective to act as an expert witness as to the packaging and distribution of narcotics in street-level transactions. The defendant appeals, contending that his conviction was based on legally insufficient evidence, that the verdict was against the weight of the evidence, that the admission of certain testimony deprived him of a fair trial, and that his sentence was unduly harsh and excessive.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which [*2]failed to specify any particular error (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court properly admitted expert testimony regarding the packaging and quantity of narcotics in street-level transactions. "The admissibility of expert testimony is dependent on whether the expert testimony 'would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror'" (People v Williams, 20 NY3d 579, 583-584, quoting De Long v County of Erie, 60 NY2d 296, 307; see People v Ivanchenko, 175 AD3d 1428, 1429). Expert testimony as to the packaging and quantity of narcotics is generally admissible because "the average juror may not be aware of the quantity and packaging of [narcotics] carried by someone who sells drugs, as opposed to someone who merely uses them" (People v Hicks, 2 NY3d 750, 751; see People v Green, 173 AD3d 765, 766).
Here, the People's expert witness, an NYPD detective, was offered as an expert in "street-level narcotic activity, including the packaging of heroin for sale and distribution as well as indicia of sale." Because the packaging and quantity of narcotics held by a dealer, rather than a user, is beyond the ken of the typical juror, the Supreme Court properly admitted the expert testimony (see People v Ivanchenko, 175 AD3d at 1429-1430; People v Green, 173 AD3d at 766).
Furthermore, the Supreme Court did not deprive the defendant of a fair trial by allowing testimony regarding four cell phones that were recovered from the defendant's car during the arrest. Initially, we note that the defendant failed to make a specific objection to the introduction of such evidence and, therefore, its admissibility is unpreserved for appellate review (People v Adorno, 210 AD3d 113, 124). In any event, the evidence was relevant to the issue of whether the defendant possessed the narcotics with the intent to sell them and was not unduly prejudicial (see People v Martinez, 180 AD3d 809, 810; People v Sosa-Marquez, 177 AD3d 1003, 1005).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court