People v Phillip (2025 NY Slip Op 06870)

People v Phillip

2025 NY Slip Op 06870

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2020-07421
 (Ind. No. 1521/18)

[*1]The People of the State of New York, respondent,
vMustafaa Phillip, appellant.

Charles E. Holster III, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered September 17, 2020, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robert A. McDonald, J.), pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At a suppression hearing, the police officer who arrested the defendant testified on behalf of the People. The arresting officer testified that, on September 14, 2018, at approximately 6:48 p.m., he and his partner stopped a red 2012 Honda in which the defendant was a passenger, after observing the vehicle turn left from Main Street onto Leonard Avenue, in Freeport, and stop in the crosswalk, blocking traffic and preventing other drivers from turning onto the block, and thereafter, failing to use its directional signal within 100 feet of an intersection before turning left from Leonard Avenue onto Star Place. The officer testified that as he approached the passenger side of the vehicle, he "observed an odor of marijuana emanating from the vehicle." The officer asked the defendant to step out of the vehicle. At that point, the officer testified that he noted the smell of marijuana "coming from the defendant" and observed the defendant motion toward his waistband and reach into one of his pants pockets. The officer performed a pat down search of the defendant, and he testified that he felt "a large bulge in [the defendant's] upper pant leg area." The officer asked the defendant what the source of the bulge was, and the defendant replied that it was "weed." The defendant then stated that he "couldn't go back to jail" and ran. The officer pursued the defendant, and with the assistance of other officers, he placed the defendant under arrest. The officer searched the defendant and recovered a small, clear, plastic bag containing a white powdery substance, which was later determined to be cocaine, from the defendant's waistband. As he was being placed in the officer's vehicle, the defendant stated, "[b]e honest. If I told you I had that shit on me, you'd let me go?"
Following the suppression hearing, the Supreme Court denied suppression of physical evidence and the defendant's statements to law enforcement officials. The court reopened the hearing several months later, upon the People's consent, to allow the defense to further question the arresting officer after the defense learned that prior to the stop of the vehicle in which the defendant was a passenger, the officer and his partner had been attempting to follow a red Honda from a known drug house. At the close of the reopened hearing, the court adhered to its prior determination [*2]denying suppression of physical evidence and the defendant's statements to law enforcement officials. The defendant subsequently entered a plea of guilty to criminal possession of a controlled substance in the fourth degree.
"'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred'" (People v Baez, 202 AD3d 1102, 1103, affd 42 NY3d 124, quoting Whren v United States, 517 US 806, 810; see People v McLeod, 235 AD3d 999, 1000). "On a motion to suppress, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Brown, 198 AD3d 803, 805). "If 'the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal'" (People v McLeod, 235 AD3d at 1000, quoting People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177).
Here, the Supreme Court properly denied suppression of physical evidence and the defendant's statements to law enforcement officials. The People met their burden of establishing the legality of the initial traffic stop. The record supports the court's determination to credit the arresting officer's testimony that he observed the vehicle stop in the crosswalk, blocking traffic, and further fail to properly signal when turning left (see Vehicle and Traffic Law §§ 1163[b]; 1202; Moore v City of New York, 197 AD3d 93, 95; People v Nikiteas, 167 AD3d 1556, 1557). In addition, as the law existed in 2018, the odor of marijuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, as here, was alone sufficient to constitute probable cause to search the vehicle and its occupants (see People v Potter, 208 AD3d 802, 804; People v Henderson, 197 AD3d 663, 664). Contrary to the defendant's contention, the officer's hearing testimony was not incredible as a matter of law, and, in exercising our own factual review power, we find there is no basis to disturb the court's credibility determinations (see People v Henderson, 197 AD3d at 664; cf. People v Harris, 192 AD3d 151, 159). Accordingly, the court properly denied suppression of physical evidence and the defendant's statements to law enforcement officials (see People v Wilson, 211 AD3d 973, 974; People v Baez, 202 AD3d at 1103).
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court