People v Sanabria

2026 NY Slip Op 03006

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Jose A. Sanabria, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-01831, 2024-05504, (Ind. No. 255/19)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

Lillian Wan

Lourdes M. Ventura, JJ.

Criminal Appeals Advocates, P.C., New York, NY (Aaron Spolin and Caitlin Dukes of counsel), for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards, Autumn S. Hughes, and Monica M.C. Leiter of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant (1) from a judgment of the Supreme Court, Nassau County (Robert Bogle, J.), rendered February 3, 2022, convicting him of rape in the first degree and rape in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court entered June 7, 2024, which, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered February 3, 2022.

ORDERED that the judgment and the order are affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which failed to specify any particular error (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Wilson, 211 AD3d 973, 973). In any event, viewing the evidence in light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).

There is no merit to the defendant's contention that the Supreme Court erred in denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction because he was deprived of the effective assistance of counsel in that defense counsel failed to call an intoxication expert and alternative DNA expert at trial. The court properly rejected those contentions without a hearing because they were "all self-serving, not substantiated by sworn facts, and/or contradicted by the record" (see People v Ozuna, 7 NY3d 913, 915). The record as a whole otherwise demonstrates that the defendant received the effective assistance of counsel under both the federal and state constitutional standards (see Strickland v Washington, 466 US 668, 694; People v [*2]Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).

CHAMBERS, J.P., DOWLING, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court